Filed 8/7/26  P. v. Shaw CA3

<u>NOT TO BE PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE,<br>    Plaintiff and Respondent,<br><br>v.<br><br>RUSSELL JAMES SHAW,<br>    Defendant and Appellant. | C105604<br><br>(Super. Ct. Nos. 21FE010287,<br>22FE016328) |

Appointed counsel for defendant Russell James Shaw asks this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Because we conclude the trial court's order is not appealable, we dismiss the appeal.

FACTUAL AND PROCEDURAL BACKGROUND

In 2021, Shaw shot a gun three or four times in the direction of two men.  He was arrested and released on bond.  In case No. 21FE010287 (case No. 287), Shaw was charged with two counts of assault with a firearm (Pen. Code,[1] § 245, subd. (b); counts one & two), with firearm use enhancements (§ 12022.5, subds. (a), (d)).  Shaw was also charged with being a felon in possession of a firearm (§ 29800, subd. (a)(1); count three), and it was alleged that he had a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12).

---

[1]  Undesignated statutory references are to the Penal Code.

1

Around one year later, Shaw struck his girlfriend in the knee with a pair of metal gardening shears, causing a two-inch gash. In case No. 22FE016328 (case No. 328), Shaw was charged with assault with a deadly weapon (§ 245, subd. (a)(1); count one) and making a criminal threat (§ 422; count two). It was also alleged that he had a prior strike conviction (§§ 667, subds. (b)-(i); 1170.12) and was on bail in case No. 287 when he committed the assault.

Pursuant to the stipulation of the parties, on April 22, 2025, Shaw pled no contest to assault with a firearm in case No. 287 in exchange for a six-year prison sentence. Shaw also pled no contest in case No. 328 to assault with a deadly weapon and admitted the on-bail enhancement, in exchange for a four-year prison sentence. Shaw also admitted the prior strike conviction in both cases. The remaining counts were dismissed with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754.

On May 19, 2025, the trial court sentenced Shaw to an aggregate term of 10 years, consisting of the following: in case No. 287, six years (the low term of three years doubled due to the strike); and in case No. 328, two years (one-third the middle term doubled due to the strike) to run consecutively, plus two years consecutive for the on-bail enhancement. The trial court awarded two days of actual custody credit and two days of conduct credit in case No. 287, and 964 days of actual custody credit and 964 days of conduct credit in case No. 328, for a total of 1,932 days of presentence custody credit. The court ordered Shaw to pay a $300 restitution fine in each case (§ 1202.4), imposed and stayed a corresponding $300 parole revocation restitution fine in each case (§ 1202.45), and imposed an $80 court operations assessment (§ 1465.8) and a $60 criminal conviction assessment (Gov. Code, § 70373).

Shaw filed a pro se motion to recall his sentence that was mailed on September 15, 2025, and received by the trial court on September 30, 2025.[2]  Shaw argued (1) he should have received a lower term sentence due to psychological trauma and (2) his custody credits were being applied incorrectly.  In a written order dated January 7, 2026, the court dismissed the motion, stating that it had not received a recommendation for recall and resentencing from an appropriate authorized agency, it declined to make its own motion, and it lacked jurisdiction to do so more than 120 days after sentencing absent new statutory authority or case law.

Shaw timely appealed the denial of his motion to recall his sentence.

DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende*, *supra*, 25 Cal.3d 436.)  Counsel noted that there may be an issue with the appealability of the matter.  Shaw was advised by counsel of the right to file a supplemental brief within 30 days of the filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from Shaw.

Before we may consider the merits of Shaw's appeal, we must first determine whether the trial court's order denying his section 1172.1 motion is appealable.  (*People v. Clark* (2021) 67 Cal.App.5th 248, 254 ["Because an appealable judgment or order is essential to appellate jurisdiction, the appellate court must consider the question of appealability sua sponte, and dismiss the appeal if the judgment or order is found to be nonappealable"].)

---

[2]  Shaw's motion for recall and resentencing referred to section 1170, subdivision (d), but we conclude that Shaw intended to refer to section 1172.1, the current version of that section.  (See, e.g., *People v. E.M.* (2022) 85 Cal.App.5th 1075, 1082 [in enacting § 1172.1, the Legislature amended and renumbered former § 1170, subd. (d)].)

3

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.) Section 1172.1, subdivision (a)(1) provides that the trial court may, "on its own motion, within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law, … recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence."

Section 1172.1, subdivision (c) expressly states, however: "A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." Thus, " 'a defendant who chooses to file an unauthorized request for resentencing has no *right* to a ruling.' " (*People v. Roy* (2025) 110 Cal.App.5th 991, 998, quoting *People v. Hodge* (2024) 107 Cal.App.5th 985, 996.)

Section 1172.1 does not address whether a trial court's dismissal of a defendant's request for recall and resentencing under the statute is appealable. But several courts, including this court, have interpreted the second sentence in section 1172.1, subdivision (c) to mean that defendants do not have a substantial right at stake when they request recall and resentencing. (*People v. Roy*, *supra*, 110 Cal.App.5th at pp. 998-999; *People v. Hodge*, *supra*, 107 Cal.App.5th at p. 996; *People v. Faustinos* (2025) 109 Cal.App.5th 687, 696.) As *Hodge* explained: "That sentence excuses the trial court from any responsibility to rule on such a request, or even to respond. It follows that a defendant who chooses to file an unauthorized request for resentencing has no *right* to a ruling. The defendants may have a liberty interest at stake in any decision as to whether they should remain incarcerated. But a defendant has no right to demand that the trial court actually make such a decision. If the defendant has no right to a decision, the trial

4

court's choice not to make one does not deprive the defendant of any right, much less a substantial one." (*Hodge*, at p. 996; see *Roy*, at p. 998.) *Hodge* further explained that a contrary conclusion would result in an arbitrary rule where, if a trial court does not respond to a defendant's request for recall and resentencing, there would be no order to appeal, but if the court informs a defendant that it will take no action on the request, the defendant would be able to appeal that decision. (*Hodge*, at p. 996.) The court in *Hodge* found "such an irrational and arbitrary result" seemed unlikely to have been intended by the Legislature. (*Ibid*.)

We remain persuaded by the reasoning of these cases and conclude that, because Shaw had no right to a response from the trial court, an order dismissing his request under section 1172.1 cannot be said to affect his substantial rights. This is so even if the trial court's order could be construed as erroneously stating it lacked authority to resentence Shaw on its own motion. (See *People v. Faustinos*, *supra*, 109 Cal.App.5th at p. 698.) Accordingly, the trial court's order was not an appealable order and the appeal must be dismissed.

DISPOSITION

The appeal is dismissed.

/s/  
BOULWARE EURIE, J.

We concur:

/s/  
EARL, P. J.

/s/  
MESIWALA, J.